**FILED**

**SEP 3 0 2009**

**Clerk, U.S. District and Bankruptcy Courts**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

WELLSTAT THERAPEUTICS CORPORATION )
930 Clopper Road )
Gaithersburg, MD  20878 )
                  Plaintiff )
  )
     v. )
  )
HON. DAVID KAPPOS )
Under Secretary of Commerce for )
Intellectual Property and )
Director of the United States Patent and )
Trademark Office )
Office of the General Counsel, )
United States Patent and Trademark Office )
P.O. Box 15667, Arlington, VA 22215 )
Madison Building East, Rm. 10B20 )
600 Dulany Street, Alexandria, VA 22314 )
  )
                  Defendant )
  )

Civil Case No. _____

Case: 1:09-cv-01866
Assigned To : Friedman, Paul L.
Assign. Date : 9/30/2009
Description: Admn. Agency Review

## Complaint

     Plaintiff, WELLSTAT THERAPEUTICS CORPORATION ("Wellstat"), for its complaint against

the Honorable David Kappos, states as follows:

### Nature of the action

1.     This is an action by the assignee of United States Patent No. 7,514,555 B7 ("the '555

patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment

for the '555 patent be changed from 82 days to at least 241 days.

2.     This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C.

§§ 701-706.

1521907

**Jurisdiction and venue**

3.     This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4.     Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5.     This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

**The parties**

6.     Plaintiff Wellstat is a corporation organized under the laws of Delaware, having a principal place of business at 930 Clopper Road, Gaithersburg, Maryland 20878.

7.     Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director ("Director") of the United States Patent and Trademark Office ("PTO"), acting in his official capacity.  The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents.  The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

**Background**

8.     Kirvin L. Hodge, Shalini Sharma, Reid W. von Borstel, and Stephen D. Wolpe are the inventors of U.S. patent application number 10/531,618 ("the '618 application") entitled "Compounds for the Treatment of Metabolic Disorders," which was issued as the '555 patent on April 7, 2009.  The '555 patent is attached as Exhibit A.

9.     Plaintiff Wellstat is the assignee of the '555 patent, as evidenced by the assignment documents filed in the PTO.

2

10.     Section 156 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of § 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11.     In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1)(A), (B), and (C), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12.     The Director made a determination of patent term adjustment pursuant to 35 U.S.C § 154(b)(3) and issued the '555 patent reflecting that determination.

13.     35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such action."

14.     On June 3, 2009, in accordance with 37 CFR 1.705(d), Wellstat filed a Request for Reconsideration of Patent Term Adjustment with the PTO to correct errors in the Director's determination. Having received no response to its Request, Wellstat is hereby bringing this Complaint.

3

**Claim for relief**

15.     The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set

forth.

16.     The patent term adjustment for the '555 patent, as determined by the Director under 35

U.S.C. § 154(b) and indicated on the face of the '555 patent, is 82 days. (*See* Ex. A at 1.) The

determination of this 82 day patent term adjustment is in error because the PTO failed to

properly account for delays that occurred pursuant to both 35 U.S.C. § 154(b)(1)(A) and 35

U.S.C. § 154(b)(1)(B), to the extent such delays did not occur on the same days.  The correct

patent term adjustment for the '555 patent is at least 241 days.

17.     The '618 application commenced and entered national stage under 35 USC Section 371

(c ) (1), (2) and (4) on April 14, 2005, and the '618 application issued as the '555 patent on April

7, 2009.

18.     Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination

delay ("A Delay") is 159 days.

19.     Under 35 U.S.C. § 154(b)(1)(B), the number of days attributable to application pendency

in excess of three years ("B Delay") is 358 days.

20.     Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 276 days.

21.     35 U.S.C. § 154(b)(2)(A) provides that "[t]o the extent that periods of delay attributable

to grounds specified in paragraph (1) overlap, the period of any adjustment... shall not exceed

the actual number of days the issuance of the patent was delayed."  The overlap between the "A

Delay" period of time and the "B Delay" period in the prosecution of the '555 patent is zero

days.

4

22.     The '555 patent is not subject to a disclaimer of term.  Thus the period of patent term

adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

23.     Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is

the sum of the "A Delay" and "B Delay" (159 + 358 = 517 days), reduced by the number of days

of overlap of  "A Delay" and "B Delay" (0 Days) and applicant delay (276 days), for a net

adjustment of 241 days.

24.     The Director erred in the determination of patent term adjustment by treating the entire

period of "A Delay," and not only the period of  "A Delay" that occurred on the same calendar

days as "B Delay," as the period of overlap between the "A Delay" and the "B Delay." Thus, the

Director erroneously arrived at a net patent term adjustment of 82 days.

25.     In *Wyeth v. Dudas,* 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper

construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment.  In

accordance with *Wyeth*, the patent term adjustment for the '555 patent is properly determined to

be 241 days, as set forth above.  A copy of the *Wyeth* ruling is attached as Exhibit B.

26.     The Director's determination that the '555 patent is entitled to only 82 days of patent

term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with the law and in excess of statutory jurisdiction, authority, or limitation.

### Prayer for relief

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that

this Court enter Orders:

A.     Changing the period of patent term adjustment for the '555 patent term from 82

days to 241 days and requiring the Director to extend the term of the '555 patent to reflect the

241 day patent term adjustment.

5

1521907

B.      Granting such further relief as the nature of the case may admit or require and as may be just and equitable.

September 30, 2009                                  Respectfully submitted,

                                                   _____
                                                   Robert A. Rowan (Bar No. 391630)
                                                   NIXON & VANDERHYE P.C.
                                                   901 North Glebe Road
                                                   11th Floor
                                                   Arlington, Virginia  22203
                                                   Phone:  703-816-4007
                                                   Fax:  703-816-4100

                                                   Attorney for Plaintiff
                                                   WELLSTAT THERAPEUTICS CORPORATION

1521907